# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

## CASE NO.: 4:12-cv-773

**COMBAT ZONE PRODUCTIONS, INC.**          §
                                           §
                                           §
**Plaintiff**                              §
                                           §
**Vs.**                                    §
                                           §
**DOES 1-158**                             §

**Defendants**

United States Courts
Southern District of Texas
FILED

JUN 06 2012

David J. Bradley, Clerk of Court

## <u>MOTION TO QUASH</u>

COMES NOW, Suddenlink Subscriber IP Address # 75.111.160.121 ("Subscriber")[1], by and through undersigned counsel, and files this Motion to Quash as follows:

1. Subscriber is in receipt of a letter styled "Mass Subpoena Notification" dated 5.24.12 which was sent by Neustar, Inc., 21575 Fudgetop Circle, Sterling, VA 20166 (the "Subpoena Notification"). A copy of the Subpoena Notification is attached hereto as Exhibit A.

2. The Subscriber Notification refers to a subpoena which was served in the aforesaid case on Suddenlink Communications, Inc. ("Suddenlink"). The Subscriber Notification does not include a copy of the subpoena or provide any details or notice of the information which is being sought by the aforesaid Plaintiff which relates to personal information on file belonging to Subscriber and in the possession of Suddenlink and its agent Neustar,

---

[1] The identity of Subscriber has not been provided because that is the precise information being sought by Plaintiff in the subpoena (as represented by Plaintiff's counsel), in addition to other information. To date, counsel has not received a copy of the subpoena.

1

Inc. ("Neustar").

3. Counsel for Subscriber was retained on 6.4.12 and informed that the client was in receipt of the Subpoena Notification requiring consent to release the information pursuant to the subpoena or file a motion to quash.

4. Undersigned counsel was informed by a representative of Neustar on 6.4.12 that any motion to quash must be filed by 6.5.12. This was also confirmed by undersigned counsel on 6.5.12 with respect to his conversation with Douglas McIntyre, counsel for Plaintiff. Undersigned counsel was not provided with the case number of this proceeding until 6.5.12 in the late afternoon. See Exhibit B. Accordingly, the Motion to Quash is being overnighted from Lubbock, Texas on 6.5.12 for delivery to the federal court on 6.6.12, with an email of said document sent via email today to Plaintiff's counsel.

5. Fed.R.Civ.P. 45(b)(1). Rule45(b)(1) states that: "[i]f [a] subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." Thus, there is no question that Rule 45(b)(1) requires a party issuing a subpoena to serve "prior notice" to all of the other parties to the litigation. *See, e.g., Zinter Handling, Inc. v. Gen. Elec. Co.,* 04–CV–500 (GLS/DRH), 2006 WL 3359317 at *2 (N.D.N.Y. Nov. 16, 2006); *Fox Indus. Inc. v. Gurovich,* CV 03–5166(TCP)(WDW), 2006 WL 2882580 at *11 (E.D.N.Y. Oct. 6, 2006); *Cootes Drive LLC v. Internet Law Library,* 01 Civ. 0877(RLC), 2002 WL 424647 at *1 (S.D.N.Y. Mar. 19, 2002); *Schweizer v. Mulvehill,* 93 F.Supp.2d 376, 441 (S.D.N.Y.2000). As the Advisory Committee notes explain, the purpose of such notice is "to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional

2

documents or things ...." 1991 Advisory Committee Notes to Fed.R.Civ.P. 45(b)(1).

6. At bar, Subscriber was denied the most basic notice and protections afforded by Rule 45(b)(1). As stated above, Subscriber and counsel, have not received the subject subpoena or provided with reasonable notice prior to the response date for filing a motion to quash. This is a violation of Rule 45(b)(1) and cannot stand.

   **WHEREFORE**, Subscriber requests that this Honorable Court quash the subject subpoena as it applies to Subscriber and require the reissuance and service of same upon Subscriber's counsel wherein there will be adequate time to review and produce the requested information/documents or object.

Respectfully Submitted,

By:_____
Charles A. Moster
Texas Bar No. 00797782
The Moster Law Firm
4920 S. Loop 289
Suite 206
Lubbock, Texas   79414
806.778.6486

## **CERTIFICATE OF SERVICE**

I certify that a complete copy of the above was served on the below listed party by email on

6.5.12, and by certified mail on 6.6.12:

Douglas M. McIntyre, Esq.
720 North Post Oak Road; Suite 610
Houston, Texas   77024

By_____
    Charles A. Moster

4