**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

COMBAT ZONE CORP.,

        Plaintiff,

v.

DOES 1 – 158,

        Defendants.

CASE NO. 4:12-cv-773

Judge: The Hon. Sim Lake

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH SUBPOENA**

An anonymous individual ("Movant") filed, through attorney Charles Moster, a motion to quash the subpoena issued to Movant's Internet Service Provider ("ISP"), Suddenlink Communications, Inc. for lack of adequate notice to the Subscriber (Doe),(ECF No. 6.)

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motion suffers from a fatal procedural defect. Part II argues that Movant's motion should be denied on its merits.

I.     **MOVANT'S MOTION SUFFERS FROM A FATAL PROCEDURAL DEFECT**

Movant's motion should be denied because he lacks standing to quash the subpoena issued to Comcast on grounds other than asserting a personal right of privilege or protection.

    A. **Movant Lacks Standing to Move to Quash the Subpoena Issued to Suddenlink on Grounds Other Than Asserting a Personal Right of Privilege or Protection in the Information Sought**

When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to

1

whom subpoenas were directed nor in possession or control of the documents sought by

subpoena *duces tecum* lacked standing to move to quash the subpoenas."); *see also* 9 James Wm.

Moore, et al., *Moore's Federal Practice* § 45.50[3]; *see also* 9A Charles Alan Wright & Arthur

R. Miller, *Federal Practice & Procedure* § 2459 (2d ed. 1994).

All subpoenas issued pursuant to the Court's Order for Expedited Discovery (ECF No. 6)

were issued to nonparty ISPs. The ISP that provides Internet access to Movant is the entity to

which the specific subpoena at issue was directed (Suddenlink Communications), and the ISP is

also the entity in possession and control of the information sought in the subpoena—not Movant.

A party to the action does not have standing to assert any rights of the nonparty as a basis for a

motion to quash or modify a subpoena. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)

(finding that the moving party did not have standing to challenge the subpoena because "they are

not in possession of the materials subpoenaed and have not alleged any personal right or

privilege with respect to the materials subpoenaed."); *Shepherd v. Castle*, 20 F.R.D. 184, 188

(W.D. Mo. 1957)); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (D. Pa. 2001) (citing

*Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)).

The only exception to this general rule is the argument that the information sought in

Plaintiff's subpoena is "protected information." *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D.

Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a

third party, except as to claims of privilege relating to the documents being sought."); *see also*

Fed. R. Civ. P. 45(c)(3)(A)(iii) (a motion to quash may be brought if the subpoena "requires

disclosure of privileged or other protected matter, if no exception or waiver applies."). Movant

makes no such assertion. (ECF No.6)

## II.  MOVANT'S MOTION RAISES ERRONEOUS ARGUMENT THAT IP ADDRESS IS A PARTY

Even if it were to reach the merits of Movant's motion, the Court must nevertheless deny Movant's motion. Movant's argument that his or her status is that of a named party, is erroneous. The anonymous "Doe" is not a named party, and therefor is not entitled to the notice protection of FRCP 45(b)(1). Additionally, only the hearsay of the Movant's counsel, and the alleged letter from Suddenlink are offered for proof of the assertions of Movant.

Plaintiff is not opposed, should the Court believe it fair and necessary, to extend the dealing for filing a Motion to Quash for this "Doe". However, Plaintiff's counsel specifically denies stating to anyone that June 5, or any date in June, 2012, was the deadline for filing a Motion to Quash. Each ISP is different, so the date for compliance is known only to them and their subscribers unless specific inquiry is made, and Plaintiff's counsel made no such inquiry of Suddenlink.

### CONCLUSION

Movant's motion should be denied because he failed to establish standing. To the extent that the Court reaches the merits of Movant's motion, Movant's arguments also fail for lack of probative proof. Movant fails to substantiate how the anonymous Doe is a "party" pursuant to FRCP 45(b)(1), and that the information sought by Plaintiff is "protected information."

[Intentionally left blank]

3

Respectfully submitted,

DATED: June 10, 2012

**DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713)365-9886
(713) 461-3697– facsimile

COUNSEL FOR PLAINTIFF

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on June 10, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

/s/ Douglas M. McIntyre
DOUGLAS M. MCINTYRE